No. 30,996

F. F. Fritchen, *Appellant*, v. Mary Jacobs, *Appellee*, and E. C. Mueller, *Cross Appellant*.

(29 P. 2d 1090.)

Opinion denying a rehearing and modifying original opinion filed March 10, 1934. (For original opinion of affirmance see 138 Kan. 322, 26 P. 2d 448.)

*A. E. Crane,* of Topeka, and *N. C. Else,* of Osborne, for the appellant.

*R. L. Hamilton, Leon W. Lundblade* and *Max L. Hamilton,* all of Beloit, for the appellee and cross appellant.

The opinion of the court was delivered by

Thiele, J.: This case was decided November 11, 1933, and the opinion appears in 138 Kan. 322, 26 P. 2d 448.

A petition for rehearing and an amended petition for rehearing will be noticed, principally because, since we decided the case, appellant has gone back to the trial court and procured a correction of a journal entry which now shows that answers to four certain special questions were set aside, a fact which the record did not originally show, and of which, of course, the abstracts made no disclosure. It now appears that the trial court set aside the answers to the following questions as not being sustained by the evidence.

"13. Did the plaintiff, F. F. Fritchen, purchase the note from the bank on June 6, 1927? A. No.

"14. If you answer the foregoing question, 'yes,' did he pay $3,058.50 therefor? A. No.

"15. If you answer question 13 in the affirmative, did the plaintiff, F. F. Fritchen, on June 6, 1927, at the time he purchased the note sued upon, rely on the financial statements, or either of them, made by Mary Jocobs to the Home State Bank of Tipton, Kansas, on file in the bank? A. No.

"16. Did F. F. Fritchen on June 6, 1927, have any notice or knowledge that the statements, or either one of them, referred to above, were claimed to have not been the free and voluntary act of Mary Jacobs? A. Yes."

It is here noted that the case was originally briefed, argued and submitted by the appellant and appellee on the assumption that the answers to the above questions were approved by the trial court. With the record so changed, it follows that the full paragraph on

page 326 of the opinion, beginning: "The jury was asked whether plaintiff purchased the note sued on," etc., should be and it is eliminated from the opinion.

Does the striking out of the above answers require a new trial? Answers to other questions made it clear that the plaintiff hired Else who procured the note sued on from the defendant; that plaintiff knew of the duress practiced on the defendant; that he was an officer of the bank taking the note; that Mrs. Jacobs did not voluntarily make the financial statements and that Fritchen acted in bad faith in purchasing the note in that he had knowledge of the circumstances under which it was made. Under those circumstances, it was immaterial whether or not he purchased the note on a day certain and paid a specified amount and whether he knew of and relied on the financial statements. Assuming the questions had been answered favorably to him, he still would not have been a purchaser in good faith, and could not recover. (See *M. K. & T. Rld. Co. v. Weaver,* 16 Kan. 456, syl. ¶ 3.)

Complaint is also made that this court did not say that the answer to question No. 5 (see opinion, p. 324) was set aside as to May and Lutgen. It was. This left the answer that plaintiff alone employed Else. The succeeding paragraph of the opinion should therefore be read that plaintiff, instead of the three named gentlemen, hired Else.

In other respects the petitions for rehearing present no matter not presented when the case was first submitted.

The petitions for rehearing are denied, and the original decision of affirmance is adhered to.